IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                              1:05-cr-558-WSD

RAMIRO ROEL MARTINEZ,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Ramiro Roel Martinez's ("Defendant") Application to Appeal *In Forma Pauperis* [512] ("Application").

## I.     BACKGROUND

On December 15, 2014, Defendant filed his "Motion to have Counsel Appointed in Forma Pauperis for Reduction of Term of Imprisonment" [469] ("Motion").  Defendant sought a reduction of his base offense level pursuant to Amendment 782, which provides for a two (2) point reduction in the base offense level for certain drug offenses.  On September 8, 2016, the Court entered an Order [509] denying Defendant's motion to appoint counsel, and an Order [510] denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  The Court denied Defendant's request for counsel because a defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion.

The Court denied Defendant's Section 2582(c) motion, noting that Amendment 782 does not reduce Defendant's base offense level, see U.S.S.G. § 2D1.1, and Defendant is thus not entitled to a sentence reduction pursuant to Amendment 782.

## II.   DISCUSSION

### A.   Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure.  Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

---

[1]      The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*.  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis.*  First, the party must show an inability to pay.  Second, the appeal must be brought in good faith.  An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."

Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed.  Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith.  See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith."  (citations omitted)).

     B.    <u>Analysis</u>

Defendant did not submit his statement of good faith issues to be appealed, and his Application therefore is required to be denied.  Fed. R. App. P. 24(a)(1)(C); <u>Howard</u>, 2010 WL 4642913, at *3.  Even if Defendant submitted the required statement, his appeal is not taken in good faith.  A criminal defendant does not have a Sixth Amendment right to counsel in connection with a Section 3582(c) motion.  <u>United States v. Webb</u>, 565 F.3d 789, 793-95 (11th Cir. 2009). Amendment 782 does not reduce Defendant's base offense level, <u>see</u> U.S.S.G. § 2D1.1, and Defendant is thus not entitled to a sentence reduction pursuant to Amendment 782.[2]   Because Movant's appeal lacks an arguable basis in law, the Court finds that the appeal is not taken in good faith.  Movant's request to proceed *in forma pauperis* is required to be denied.  <u>See</u> 28 U.S.C. § 1915(e)(2).

## III.   CONCLUSION

For the foregoing reasons,

     **IT IS HEREBY ORDERED** that Defendant Ramiro Roel Martinez's Application to Appeal *In Forma Pauperis* [512] **DENIED**.

---

[2]     Because the Court concludes that the appeal is not taken in good faith, the Court does not reach whether Defendant has shown an inability to pay the costs of filing an appeal.

**SO ORDERED** this 28th day of September, 2016.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE